# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| ADAM DOUGLAS RIGBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION CASE NUMBER: |
| v. ) | |
| ) | 1:24-cv-88 |
| LONGLEAF MACHINING, LLC, ) | |
| ) | |
| Defendant. ) | PLAINTIFF DEMANDS A TRIAL |
| ) | BY STRUCK JURY |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is an action in which the Plaintiff, Adam Douglas Rigby, alleges that Defendant Longleaf Machining, LLC, violated the Stored Communications Act, 18 U.S.C. § 2701 et seq. ("SCA"), and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq. ("CFAA") by accessing Plaintiff's personal email account(s) and email(s) without auhorization and using information from those emails. Plaintiff also brings a claim pursuant to Alabama tort law for invasion of privacy arising from the same facts.

1

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental jurisdiction), 28 U.S.C. §§ 2201 and 2202.and, 28 U.S.C. §§ 2201 and 2202 (creation of remedy and further relief).

3. Venue is proper because the Defendant does business in Escambia County, Alabama which is part of the Mobile Division of the Southern District of Alabama.

## PARTIES

4. The Plaintiff, Adam Douglas Rigby, is an adult resident of Escambia County, Alabama.

5. The Defendant, Longleaf Machining, LLC ("LLM"), is a domestic limited liability company formed and doing business in Escambia County, Alabama.

## FACTUAL BACKGROUND

6. Mr. Rigby worked for LLM for approximately fifteen (15) years.

7. The last position Mr. Rigby held with LLM was Operations Manager.

8. In 2022, LLM paid Mr. Rigby approximately $103,000 in wages.

9. Mr. Rigby took vacation from work on or about June 1, 2023.

10. When Mr. Rigby returned to work on June 12, 2023, LLM's General Manager Robert Blackburn and owner Thomas McMillan told Mr. Rigby that LLM was terminating his employment because the company was

making changes.

11. Mr. Rigby sought unemployment compensation benefits from the Alabama Department of Labor ("ALDOL").

12. During that process, on or about August 8, 2023, ALDOL reported to Mr. Rigby that LLM reported to ALDOL that it terminated Mr. Rigby for violating his non-compete agreement with the company.

13. ALDOL informed Mr. Rigby that LLM submitted emails from Mr. Rigby's personal email account(s) as evidence for LLM's reason for terminating Mr. Rigby's employment.

14. An ALDOL representative read to Mr. Rigby some excerpts from emails submitted by LLM.

15. The emails read by the ALDOL representative came from one or more of Mr. Rigby's personal email accounts.

16. The emails read by the ALDOL representative did not come from Mr. Rigby's LLM work email account.

17. At no time did Mr. Rigby give authorization or permission to LLM or any of its employees or agents to access his personal email account(s) and/or emails contained in his personal email account(s).

18. ALDOL did not approve Mr. Rigby to receive unemployment compensation benefits.

19. Upon information and belief, Mr. Rigby's personal emails LLM provided to ALDOL were a factor in Mr. Rigby not receiving unemployment compensation benefits.

20. On or about August 31, 2023, Mr. Rigby wrote Mr. McMillan and demanded that he and LLM cease any unauthorized access to protected computers and online data, and that LLM preserve all electronically stored information that may be indicative of any unauthorized access of protected computers and online data.

21. On or about January 4, 2024, Mr. Rigby, through counsel, wrote LLM and shared that LLM's unauthorized accessing of Mr. Rigby's email account(s) and email(s) gave rise to claims for violation of the SCA and CFAA and asked that the company preserve evidence relevant to those claims.

## COUNT I
## STORED COMMUNICATIONS ACT

22. For purposes of context, Mr. Rigby adopts and incorporates the facts set forth above.

23. The SCA makes it unlawful to intentionally access without authorization a facility through which an electronic communication service is provided or intentionally exceed an authorization to access that facility and thereby obtain, alter, or prevent authorized access to a wire or electronic communication while it is in electronic storage in such system.

24. Without authorization or permission from Mr. Rigby, LLM accessed, opened, and printed emails from Mr. Rigby's personal email account.

25. In accessing Mr. Rigby's personal email account(s) and opening his personal email(s), LLM intentionally accessed without authorization a facility through which an electronic communication service is provided or intentionally exceed an authorization to access that facility.

26. In accessing Mr. Rigby's personal email account(s) and opening his personal email(s), LLM obtained access to a wire or electronic communication while it was in electronic storage in such system.

27. LLM used information and/or emails it obtained from Mr. Rigby's personal email account to terminate his employment.

28. LLM used information and/or emails it obtained from Mr. Rigby's personal email account to oppose Mr. Rigby's efforts to obtain unemployment compensation insurance.

29. LLM shared information and/or emails it obtained from Mr. Rigby's personal email account with one or more third parties, including but not limited to ALDOL.

30. LLM's actions caused Mr. Rigby injury.

WHEREFORE, PREMISES CONSIDERED, Rigby requests this Court enter a judgment against Longleaf Machining, LLC under the Stored Communications Act, pursuant to an Order by which this Court:

a. Awards equitable or declaratory relief as appropriate.

b. Awards any and all available relief and damages authorized by the SCA including but not limited to actual damages and statutory damages;

c. Awards that relief which is fair, reasonable, and just;

d. Awards costs against LLM including a reasonable attorney's fee.

## COUNT II
## COMPUTER FRAUD AND ABUSE ACT

31. For purposes of context, Rigby adopts and incorporates the facts set forth above.

32. Mr. Rigby maintained a computer and used his protected computer in interstate commerce.

33. Mr. Rigby's computer network included, but was not limited to, all his electronically operated devices connected to the internet, his e-mail accounts, social media, or other electronic devices in which he stores privileged, confidential, and proprietary information.

34. Mr. Rigby's computer systems were at all relevant times used in or affecting interstate of foreign commerce or communication and, were therefore, "protected computers" under the CFAA.

35. Mr. Rigby never gave LLM authorization to access his computer systems.

36. As set forth above, LLM accessed and made unauthorized use of Mr. Rigby's computer systems by accessing his personal email account(s) and opening personal email(s).

37. LLM, without authorization or consent, obtained confidential and/or private information from Mr. Rigby's protected computer systems.

38. LLM knew it was prohibited from accessing Mr. Rigby's personal email account(s) and opening personal email(s).

39. LLM caused Mr. Rigby to incur losses, including but not limited to his wages from his job with LLM and his unemployment compensation benefits.

40. As a result of LLM's actions, Mr. Rigby suffered economic losses in excess of $5,000 in aggregate value.

WHEREFORE, PREMISES CONSIDERED, Rigby requests this Court enter a judgment against Longleaf Machining, LLC under the Computer Fraud and Abuse Act, pursuant to an Order by which this Court:

    a. Awards economic damages which include, but are not limited to, his lost income, damages to reputation (including credit rating), impairment of value to his reputation (including credit rating), and legal fees and expenses incurred as a result LLM's actions;

    b. Awards injunctive and equitable relief; and

    c. Awards that relief which is fair, reasonable, and just.

## COUNT III
## INVASION OF PRIVACY

41. For purposes of context, Rigby adopts and incorporates the facts set forth above.

42. One or more people acting on behalf of or with the authority of LLM accessed Mr. Rigby's personal email account(s) without his permission and/or consent.

43. One or more people acting on behalf of or with the authority of LLM accessed emails in Mr. Rigby's personal email account(s) without his permission and/or consent.

44. By accessing Mr. Rigby's personal email account(s) and opening emails in Mr. Rigby's personal email account(s), one or more persons acting on behalf of or with the authority of LLM intentionally intruded into Mr. Rigby's personal and/or private activities.

45. By accessing Mr. Rigby's personal email account(s) and opening emails in Mr. Rigby's personal email account(s), one or more persons acting on behalf of or with the authority of LLM caused Mr. Rigby mental suffering, shame, humiliation, professional reputation loss, and economic loss.

46. As a result of the actions of one or more people acting on behalf of or with the authority of LLM, Mr. Rigby suffered economic injuries.

WHEREFORE, PREMISES CONSIDERED, Mr. Rigby requests this Court enter a judgment against Longleaf Machining, LLC for invasion of privacy by which this Court:

a. Awards compensatory damages;

b. Awards punitive damages

c. Awards injunctive and equitable relief;

d. Awards that relief which is fair, reasonable, and just; and

e. Awards costs.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

            Respectfully submitted,

            /s/ Heather Newsom Leonard
            Heather Newsom Leonard
            ATTORNEY FOR PLAINTIFF

OF COUNSEL:

HEATHER LEONARD, PC
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421
Heather@HeatherLeonardPC.com

**SERVE THE DEFENDANT VIA CERTIFIED MAIL:**

Longleaf Machining, LLC
c/o Thomas E. McMillan, Jr. (registered agent)
315 Belleville Avenue
Brewton, AL 36426