IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ADAM DOUGLAS RIGBY,                    )
                                       )
    Plaintiff/Counterclaim Defendant,  )
                                       )
v.                                     )    Civ. Act. No.: 1:24-CV-88-TFM-M
                                       )
LONGLEAF MACHINING, LLC,               )
                                       )
    Defendant/Counterclaim Plaintiff.  )

## MEMORANDUM OPINION AND ORDER

On May 4, 2026 the Court entered an order granting summary judgment in favor of the Defendant on Plaintiff's federal claims. *See* Doc. 88. The only claims and counterclaims that remain are brought under state law. Thus, the Court ordered the parties to brief the issue of whether the Court should continue to exercise supplemental jurisdiction over the state law claims and counterclaims in light of the dismissal of all federal claims. *See id.* On May 11, 2026, the parties filed their respective briefs. *See* Docs. 89, 90. For the reasons stated below, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and counterclaims, and the remaining claims and counterclaims are **DISMISSED without prejudice**.

## I.    BACKGROUND

This original complaint was filed with this Court on March 25, 2024. Doc. 1. Defendant timely filed its original answer, and then, with leave of the Court, filed an amended answer and counterclaims on September 27, 2024. Docs. 4, 32. After a period of discovery, the parties each filed a motion for summary judgment and brief and evidentiary material in support. Docs. 68, 69, 70, 71, 72, 73. On May 4, 2026, the Court entered an order granting the Defendant's motion for summary judgment in part. *See* Doc. 88. Specifically, the Court dismissed all of Plaintiff's federal

Page 1 of 4

claims and ordered the parties to files briefs as to whether the Court should continue to exercise supplemental jurisdiction over the remaining state law claims and counterclaims when all of the federal claims have been dismissed. *See id.* On May 11, 2026, the parties filed their respective briefs. Defendant concludes that the Court should dismiss Plaintiff's remaining state law claims and Defendant's counterclaims with leave to refile in state court. *See* Doc. 89. Plaintiff concludes that the Court should continue to exercise supplemental jurisdiction. *See* Doc. 90.

## II.   DISCUSSION AND ANALYSIS

District courts have the authority to dismiss pendent state law claims brought under 28 U.S.C. § 1367(a) if any one of the following factors exists:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Once one of these factors is met, the district court must weigh whether to dismiss the supplemental claims. *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 532 (11th Cir. 2015) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). In determining whether to dismiss the supplemental claims the court must "weigh the 'host of factors' outlined in Gibbs and Cohill: "judicial economy, convenience, fairness, and comity." *Id.*; *see also United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) (discussing how a district court should decide whether to exercise supplemental jurisdiction); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) (same). "Needless decisions of state law should be avoided as a matter of comity and to promote justice between the parties by procuring them a surer-footed reading of applicable law."

*Gibbs*, 383 U.S. at 726. "State courts, not federal courts, should be the final arbiters of state law in our federal system." *Id.*

Here, obviously (3) applies because the Court has dismissed all of Plaintiff's federal claims and therefore all claims over which the Court has original jurisdiction. Additionally, the Court has concerns that some of Plaintiff's state law claims, namely Plaintiff's invasion of privacy claims, may raise a novel issue of state law. The Court would need to decide whether accessing an already-opened email triggers an invasion of privacy claim under Alabama law. The Court has reviewed the applicable Alabama case law and has not found a case that addresses that particular issue. Plaintiff argues that courts in Alabama have held that reading another person's mail triggers the wrongful intrusion branch of an Alabama invasion of privacy claim, and that this precedent clearly would extend to opening a private email. *See* Doc. 90 at 6. However, no Alabama court has addressed the issue in the context of email, and in the interest of comity it is more appropriate for this Court to relinquish jurisdiction so that the state court can make that determination itself.

As to judicial economy, this Court has not spent an extensive amount of time on the remaining issues. No motions to dismiss were filed and the majority of the two years since the case was filed was spent on discovery. Though the parties completed discovery and this Court did rule on Plaintiff's federal claims, this Court has not expended much time or resources in evaluating the state law claims and counterclaims. Further, this case has not yet reached the trial stage. The work spent by the parties would not be wasted – they can simply work with the state court on fast tracking any remaining issues without repeating discovery that has already occurred.

While it may be more convenient for the parties to continue in federal court and avoid having to refile their claims in state court, and while the Plaintiff may feel that it would be more fair to continue in federal court, the Court finds these two factors are neutral at best. The discovery

that the parties have engaged in throughout this case can still be beneficial to the parties after they refile in state court, and fairness to the parties would be to have a clear answer from an Alabama court on their state law claims, rather than having the federal court infer as to how it thinks the state laws apply.  Ultimately, as an issue of novel impression, it is better for the state courts (potentially up to the Alabama Supreme Court) to answer those questions especially since this Court would have no concurrent federal claims.

Nor did the parties seem to consider or request that this Court consider a certification of partial judgment under Fed. R. Civ. P. 54(b) to permit an appeal on the federal issue while holding in abeyance a ruling on the state law claims.  And the Court declines to *sua sponte* do so. Ultimately, the factors weigh in favor of declining to exercise supplemental jurisdiction over the remaining state law claims and counterclaims.  All of the federal claims have been dismissed in this matter, and the potentially novel issue of Plaintiff's invasion of privacy claim and judicial economy all weigh particularly heavily in favor of dismissal.

### III.   CONCLUSION

Accordingly, the Court **DECLINES** to continue the exercise of supplemental jurisdiction and the remaining state law claims and counterclaims are **DISMISSED without prejudice**.

A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this the 20th day of May 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE